UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-CV-80958-Middlebrooks/Reinhart

ZANE BALSAM,

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Defendant.

_____/

## REPORT AND RECOMMENDATION
## DISMISSING COMPLAINT WITHOUT PREJUDICE

The Court addresses this matter *sua sponte*.

Zane Balsam, acting *pro se*, sues the United States in a three-count Complaint. ECF No. 1. Mr. Balsam was convicted of money laundering offenses in 2001 in case number 99-8125. After his conviction, the Court entered a final order of forfeiture for 12 specified assets. The Court also entered an order requiring Mr. Balsam to pay $50,000,000 in restitution. ECF No. 2043 in Case No. 99-8125. As of December 2019, Mr. Balsam had been credited with approximately $36.8 million toward his restitution. ECF No. 1-1 at 59. In his current Complaint, he alleges that the Government has seized assets beyond those permitted by the Court's forfeiture orders. He claims that the Government is barred from seizing these, or other, assets to satisfy the restitution balance. He wants the seized assets returned to him. He

also wants monetary damages and a declaration that the Government has collected all that it is legally entitled to collect from him, so he owes no more restitution.

For the reasons discussed below, it is RECOMMENDED that the Complaint be DISMISSED WITHOUT PREJUDICE and with leave to amend.

## THE COMPLAINT

In light of Mr. Balsam's *pro se* status, I construe the allegations in the Complaint liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]' ") (citations omitted).

Count I alleges that the Government seized three assets without legal authority: (1) approximately $5,000,000 cash, (2) a piece of real property located in Toronto, Canada, and (3) a 1996 Porsche 911 car. In Count I, Mr. Balsam asks for (1) a declaratory judgment that the Government cannot forfeit any assets other than those listed in the Preliminary Order of Forfeiture entered in his criminal case (ECF No. 1694), and (2) an order requiring the Government to return the three seized assets.[1]

Count II realleges and incorporates the allegations from Count I. ECF No. 1, ¶ 16. In Count II, Mr. Balsam seeks an order (1) declaring that the only assets that can be used to satisfy his restitution obligation are the assets seized pursuant to the

---

[1] In its Motion to Dismiss the Complaint, ECF No. 29, the Government alleges (and supports with a sworn affidavit) that it did not seize these three assets. At the Motion to Dismiss stage, the Court cannot consider these additional facts.

Preliminary Order of Forfeiture; (2) requiring the Government to return any assets that have been seized but do not fall under the Preliminary Order of Forfeiture; and (3) informing the Bureau of Prisons that Mr. Balsam owes no further restitution.[2]

Count III realleges and incorporates the allegations from Counts I and II. ECF No. 1 ¶ 19. In that Count, Mr. Balsam alleges that the Government has seized approximately $7,000,000 beyond the assets listed in the Preliminary Order of Forfeiture. *Id.* ¶ 20. He asks for (1) a money judgment against the United States for the amount of the improperly-seized assets and (2) an order requiring the BOP to refund unspecified amounts "wrongfully seized" from Mr. Balsam's inmate funds.

## DISCUSSION

The Complaint is problematic for several reasons. First, it is a shotgun pleading because each Count incorporates all of the predecessor counts. *Weiland v. Palm Beach County Sheriff's Office,* 792 F.3d 1313, 1321 (11th Cir. 2015) ("The most common type [of improper shotgun pleadings]—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."). The Court can *sua sponte* dismiss a shotgun pleading. *Vibe Micro, Inc. v. Shabanets,* 878 F.3d 1291, 1295 (11th Cir. 2018). The problem with a shotgun pleading is that it "fail[s] to one degree or another, and in one way or another, to give the defendants adequate notice of the claims

---

[2] Presumably, Mr. Balsam wants this notice given to the BOP so that it will stop deducting restitution payments from his inmate funds.

3

against them and the grounds upon which each claim rests." *Id.* at 1323. To assist Mr. Balsam in correcting the problems with the Complaint, the Court provides the following guidance.

The Amended Complaint can incorporate *facts* into multiple counts, but it should not incorporate multiple causes of action into a single count. For example, the existing Complaint could have incorporated paragraphs 1-11 into every Count without converting it into a shotgun pleading.

The legal basis for Count III, and the Court's subject matter jurisdiction over Count III, is unclear. To the extent Mr. Balsam is seeking monetary damages against the Government for depriving him of his inmate funds, he appears to be invoking the Federal Tort Claims Act (FTCA). The FTCA applies to "a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2675. The FTCA is a limited waiver of sovereign immunity. *Suarez v. United States*, 22 F.3d 1064, 1065 (11th Cir. 1994). This Court lacks subject matter jurisdiction over an FTCA claim unless the claimant has exhausted his administrative remedies. 28 U.S.C. § 2675; *see Zelaya v. United States,* 781 F.3d 1315, 1321–22 (11th Cir. 2015) (unless sovereign immunity is waived, federal court lacks subject matter jurisdiction and Government "has the power to condition a waiver of its immunity as broadly or narrowly as it wishes, and according to whatever terms it chooses to impose."). Therefore, if Mr. Balsam is proceeding under the FTCA, he must allege facts to

establish a plausible claim that he has exhausted his administrative remedies. If he is not proceeding under the FTCA, he should specify what law gives this Court the authority to enter the money judgment he is seeking.

Counts I, II, and III all ask for an order requiring the Government to return wrongfully-taken property. But, the Complaint does not make clear how the Court has the legal authority to enter this kind of order, nor does it identify which property falls under which Count(s).

Mr. Balsam may be proceeding under Federal Rule of Criminal Procedure 41(g). As the Eleventh Circuit has explained:

> Under Federal Rule of Criminal Procedure 41(g), a person "aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." When a property owner "invokes Rule 41(g) after the close of all criminal proceedings, the court treats the motion for return of property as a civil action in equity." *United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2005). Equitable jurisdiction "must be exercised with caution and restraint" and is appropriate only when necessary to "prevent manifest injustice" in light of the movant's conduct and the merits of her request. *United States v. Martinez*, 241 F.3d 1329, 1331 n.2 (11th Cir. 2001) (quotation marks and citation omitted).

*United States v. Sivanadiyan,* 847 Fed. Appx. 839, 841–42 (11th Cir. 2021). He may be proceeding under a different legal theory. Regardless, the Amended Complaint should clarify what law(s) give the Court the power to order the Government to return this property.

It is not clear whether the $7,000,000 in assets alleged to be wrongfully seized in Count III is limited to the three assets listed in Count I, or also includes Mr. Balsam's inmate funds. It is also not clear whether Count II seeks return of only the

5

assets identified in Counts I and III, or whether Mr. Balsam alleges that the Government has seized other property wrongfully.

To the extent Mr. Balsam seeks an order requiring the Government to return seized assets based on a single legal theory, that claim should be asserted in one claim. If, however, Mr. Balsam has alternative legal theories for why certain property should be returned, he should plead each legal theory in a separate count that identifies which assets are returnable under that theory.

Finally, although the Complaint alleges that the BOP has improperly taken some of Mr. Balsam's inmate funds, it does not allege any details about the amount of those funds, when they were taken, and where they were taken. The Government is entitled to notice of these facts.

## **REPORT AND RECOMMENDATION**

Accordingly, it is **RECOMMENDED** that the District Court **DISMISS** the Complaint without prejudice and order Mr. Balsam to file an Amended Complaint.

It is **FURTHER RECOMMENDED** that the Government's Motion to Dismiss [ECF No. 29] be **DENIED WITHOUT PREJUDICE.**

## **NOTICE OF RIGHT TO OBJECT**

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Donald M. Middlebrooks, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to

timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**DONE and ORDERED** in Chambers this 13th day of July, 2021, at West Palm Beach in the Southern District of Florida.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE