UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-80958-CV-MIDDLEBROOKS/Reinhart

ZANE BALSAM,

      Plaintiff,

v.

UNITED STATES OF AMERICA,

      Defendant.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

THIS CAUSE comes before the Court on a Report and Recommendation issued by Magistrate Judge Bruce Reinhart (the "Report") on July 13, 2021. (DE 30). The Report recommends dismissing Plaintiff's Complaint without prejudice and with leave to amend. (*Id.*). Plaintiff filed objections to the Report. (DE 38; DE 40). The Government responded to Plaintiff's objections. (DE 39; DE 41).

Plaintiff's Complaint alleges that the Government violated a Consent to Forfeiture and Preliminary Order of Forfeiture (the "Agreements") that it entered with Plaintiff in 2001 by seizing three assets that were not listed in the Agreements. (DE 1 at 2-3). Plaintiff seeks the return of illegally seized assets, which he claims "exceed[] some $7,000,000," the return of funds seized from his inmate funds account, and a declaration that the Government is not legally entitled to collect any more from him. (*Id.*). The Government has moved to dismiss Plaintiff's Complaint under Rule 12(b)(6), alleging that Plaintiff's forfeiture and restitution judgments are final and that the Government has not violated the Agreements. (DE 29 at 7-8). The Government further alleges that under the Crime Victim Rights Act and the Mandatory Victim Restitution Act, even if

Plaintiff's assets had been illegally seized, he would not be entitled to recover any money that has already been distributed to the victims of his crimes. (*Id.* at 9).

The Report recommends dismissing Plaintiff's Complaint because of a number of deficiencies. First, the Report correctly concludes that Plaintiff's Complaint is a shotgun pleading because "each Count incorporates all of the predecessor counts." (DE 30 at 3). As the Report recognizes, this Court can *sua sponte* dismiss a shotgun pleading. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). Second, the Report points out that Plaintiff has not explained the basis for this Court's subject matter jurisdiction. (DE 30 at 3). I agree with this conclusion. If Plaintiff chooses to amend his Complaint, he must clearly state the federal law he is invoking that affords this Court jurisdiction. He must also allege sufficient facts to establish a plausible claim for relief under the law he invokes. Third, as the Report explains, Plaintiff has not provided any legal authority to support his request that the Court require the Government to return the seized assets. As with subject matter jurisdiction, Plaintiff must clarify what law(s) give the Court the power to order the Government to return his property. (*Id.* at 4). Finally, the Report concludes that the Complaint does not give the Government proper notice of the claims against it because (1) Plaintiff has not explained whether other assets were also seized to arrive at the $7,000,000 figure in his Complaint; and (2) Plaintiff has not stated how much money has been taken from his inmate account or when and where the money was taken. (*Id.* at 6).

Plaintiff objects to the Report on three grounds. First, he argues that the Report did not apply the less stringent pleading standards afforded to *pro se* litigants. (DE 38 at 1). I disagree. While it is true that a court must construe *pro se* pleadings liberally, it must still dismiss a complaint if it "fails to state a claim upon which relief may be granted." *Hughes v. Lott*, 350 F.3d 1157, 1159 (11th Cir. 2003). Here, even under a less stringent pleading standard, Plaintiff's

Complaint is plainly deficient for the reasons explained in the Report. Second, Plaintiff argues that the Court should have granted his Motion for Default Judgment against the Government for not timely responding to Plaintiff's Complaint. (DE 38 at 3). Judge Reinhart has already denied that Motion "[i]n the interest of resolving this case on the merits." (DE 19 at 3). As such, I am not persuaded by this objection. Finally, Plaintiff takes issue with one sentence in the Report stating that "the Court entered a final order of forfeiture for 12 specified assets" because he believes it creates the impression that he consented to the forfeiture of all twelve assets. Because the Report clearly explains that Plaintiff disputes the seizure of the three assets listed in his Complaint, this objection is without merit.

After reviewing the Report and the record, I agree with Magistrate Judge Reinhart's conclusions and find that his reasoning as set forth in the Report is accurate and thorough.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

(1) Magistrate Judge Reinhart's Report and Recommendation (DE 30) is **ADOPTED**.

(2) Plaintiff's Complaint (DE 1) is **DISMISSED WITHOUT PREJUDICE.**

(3) Plaintiff, if he so desires, may file an amended complaint by October 11, 2021. Failure to do so may result in dismissal of this action.

**SIGNED** in Chambers in West Palm Beach, Florida, this 29 day of September, 2021.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE