UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  20-CV-80958-Middlebrooks/Reinhart

ZANE BALSAM,

        Plaintiff,

vs.

UNITED STATES OF AMERICA,

        Defendant.

_____/

## REPORT AND RECOMMENDATION TO
## <u>DISMISS AMENDED COMPLAINT WITHOUT PREJUDICE</u>

Zane Balsam, acting *pro se*, claims the United States has seized assets in excess of what his criminal conviction permits.  He initially filed a three-count Complaint asking for an order compelling the Government to return some seized assets.  ECF No. 1. He also asked for monetary damages and a declaration that the Government has collected all that it is legally entitled to collect from him, so he owes no more restitution. *Id.*

The Government moved to dismiss the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  ECF No. 29.[1]  Rather than rule on the issues raised by the Government, I *sua sponte* recommended dismissing the

---

[1] The Government's Motion appended an affidavit asserting that it had not forfeited several of the assets that Mr. Balsam seeks.  ECF No. 29-1.  I cannot consider that evidence at the Motion to Dismiss phase.

Complaint as a shotgun pleading and for failing to properly allege the legal basis for Mr. Balsam's claims or for this Court's subject matter jurisdiction.  ECF No. 30.  My Report and Recommendation gave explicit instructions how to cure these defects.  *Id.* at 4-7.   Over Mr. Balsam's objection, Judge Middlebrooks adopted my recommendation and dismissed the Complaint with leave to amend.  ECF No. 42.

Mr. Balsam filed an "Amended Complaint to Return Forfeiture."  ECF No. 50. It asserts substantive claims for (1) the Government violating the consent to forfeiture, the preliminary order of forfeiture, and the final order of forfeiture; (2) the Government improperly seeking restitution beyond the scope of the Court's restitution order, and (3) the return of approximately $7.3 million in seized property. It seeks the following legal remedies: (1) a declaration that forfeiture of certain assets violates an agreement between the Government and Mr. Balsam, (2) an order requiring the Government to return improperly seized assets, (3) a declaration that only a specified set of assets can be used to satisfy Mr. Balsam's restitution obligation, (4) notification to the Bureau of Prisons that Mr. Balsam owes no more restitution, and (5) a money judgment against the United States for $7,324,000.  ECF No. 50 at 16-18.   These are precisely the same remedies sought by the initial Complaint. Despite my explicit instructions, the Amended Complaint does not specify the legal grounds for each claim.

The Government moves to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.  ECF

No. 51 at 6.  The Government also renews its arguments under Rule 12(b)(6).  *Id.*
n.13.

Mr. Balsam filed a Response to the Motion to Dismiss.  ECF No. 55.  He then
filed a "Motion for Leave to Stay Amended Complaint or in the Alternative; Dismiss
Without Prejudice."  ECF No. 56.  In that pleading, he conceded that he had not
exhausted administrative remedies, as required before proceeding under the Federal
Tort Claims Act (FTCA).[2]  *Id.* at 1.  He further conceded that he had "not filed under
Federal Rule of Criminal Procedure 41(g)."  *Id.*  He asked that the Court either (1)
stay this case to allow him to exhaust his administrative remedies, or alternatively
(2) dismiss the Amended Complaint without prejudice to him re-filing after he
exhausts administrative remedies.  *Id.*

## DISCUSSION

A.  *Motion to Dismiss*

Let me first recast Mr. Balsam's claims in the proper legal framework.
*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("document filed *pro se* is 'to be liberally

---

[2] The FTCA provides a "limited waiver" of sovereign immunity, giving district courts
exclusive jurisdiction over civil actions against the United States for tort claims for
money damages arising out of personal injury "caused by the negligent or wrongful
act or omission of any employee of the Government while acting within the scope of
his office or employment." *Benjamin v. United States Dep't of Just.*, No. 1:21-21847-
CV-KMM, 2021 WL 3082919, at *3 (S.D. Fla. May 27, 2021) (J. Moore) (citing 28
U.S.C. § 1346(b)(1); 28 U.S.C. § 2674)). The FTCA's limited waiver of sovereign
immunity applies to claims of arising out of "assault, battery, false imprisonment,
false arrest, malicious prosecution, deceit, or interference with contract rights."
*Millbrook v. United States*, 569 U.S. 50, 52 (2013) (quoting 28 U.S.C. § 2680(h)). The
FTCA requires a plaintiff to exhaust his administrative remedies through the
appropriate federal agency prior to filing suit. *See Suarez v. United States*, 22 F.3d
1064, 1065 (11th Cir. 1994)).

construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]' ") (citations omitted).  He first argues that the Government has breached a bilateral agreement (in the Consent to Forfeiture) to limit the universe of assets that would be used to satisfy his restitution obligation; this appears to be a claim for breach of contract.  *See Santobello v. New York,* 404 U.S. 257 (1971) (terms of a plea agreement may be enforced against the Government under contract principles).  Second, he wants money damages from the Government equal to the amount of any wrongfully-seized assets; that is a claim for civil damages.  Any claim against the Government for breach of contract or for monetary damages equal to the value of any wrongfully-seized assets must be brought under the FTCA.  Third, he wants the Government to return any wrongfully-seized assets; that is a claim for return of seized property that must be brought, if at all, under Federal Rule of Criminal Procedure 41(g).  Fourth, he wants a declaration that he no longer owes restitution; this claim arises, if at all, under the federal declaratory judgment statute, 28 U.S.C. §2201.

1. <u>Subject Matter Jurisdiction</u>

There is subject matter jurisdiction over Mr. Balsam's claims for return of seized property and declaratory relief.  The Amended Complaint contains sufficient well-pled facts to plausibly allege that the Government has not returned improperly-seized property and to plausibly allege that that there exists an actual controversy that warrants a declaration of "the rights and other legal relations" arising from the Consent to Forfeiture between Mr. Balsam and the United States.  28 U.S.C. § 2201.

4

Applying the leniency required of *pro se* pleadings, these allegations are sufficient to plead subject matter jurisdiction.  *See* Fed. R. Civ. P. 8(a)(1).

Mr. Balsam concedes, as he must, that this Court lacks subject matter jurisdiction to hear his FTCA claims because he has not exhausted his administrative remedies.

2.  <u>Failure to State a Claim</u>

The Amended Complaint fails to state a claim upon which relief can be granted because it fails to allege a plausible claim that the Government is wrongfully seizing Mr. Balsam's assets.  To the extent Mr. Balsam argues that the Government is precluded from seizing assets not listed in the Preliminary Order of Forfeiture, the Final Order of Forfeiture, or the Consent to Forfeiture to pay restitution, he has once again not adequately identified the legal basis for this argument.  The Consent to Forfeiture is an agreement between Mr. Balsam and the Government.  Mr. Balsam has not articulated a legal theory, or cited any legal authority, that this private agreement limits collection under the federal restitution laws.  So, since the Amended Complaint fails to allege that any assets are being wrongfully seized, it fails to state a claim that those assets should be returned, or that he is entitled to a declaration that no further restitution is owed. For these reasons, the Amended Complaint fails to state a claim upon which relief can be granted.

B.  *Prejudice / Leave to Amend / Stay Proceedings*

I now turn to whether Mr. Balsam should be permitted to file a Second Amended Complaint and/or whether the proceedings should be stayed until he can

exhaust his administrative remedies under the FTCA.  Although "[t]he court should freely give leave [to amend a complaint] when justice so requires," Fed. R. Civ. P. 15(a)(2), "[a]fter a plaintiff's first opportunity to amend, leave for additional amendments may be denied because of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previous allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment.'" *In Re Zantac (Ranitidine) Prods. Liab. Litig.,* No. 20-MD-2924-RLR, 2021 WL 2865869, at * 23 (S.D. Fla. July 8, 2021) (J. Rosenberg) (citing *Andrx Pharms., Inc. v. Elan Corp., PLC,* 421 F.3d 1227, 1236 (11th Cir. 2005)).

      1.  <u>Non-FTCA Claims</u>

At its core, Mr. Balsam's argument is that Judge Hurley's Restitution Order and the Consent to Forfeiture permit the Government to use only assets obtained through forfeiture to satisfy the restitution order, but the Government is seizing non-forfeited assets belonging to Mr. Balsam to pay victim restitution.  *See, e.g.,* ECF No. 50 at 7 ("The judge's order could not have been clearer: the source of the funds for restitution is the forfeited assets.").  He cites the following language from Judge Hurley's Order:

> Restitution in this case shall be made through an equitable distribution of all assets seized for forfeiture to the United States.

*Id.* at 6 (quoting ECF No. 1-1 at 14).

> The funds for paying restitution will come from the liquidation of all Seized Assets once they have been forfeited.  This includes (i) net proceeds of the liquidation of all the property named in all indictments

including the first, second and third superseding indictments for which
final orders of forfeiture have been entered, (ii) rent, or "mortgage"
collected in respect of the Seized Assets, (iii) interest earned on any of
the funds representing the proceeds of the Seized Asset, and (iv) any
other proceeds directly related to the Seized Assets, such as insurance
proceeds, other receivables and the like.

*Id.* at 6 (quoting ECF No. 1-1 at 16).

The United States has agreed that funds will be available for
distribution from assets ordered forfeited by the preliminary orders of
forfeiture in this criminal case, when all ancillary adjudication
regarding the assets ordered forfeited is completed and the assets have
been sold.

*Id.* at 7 (quoting ECF No. 1-1 at 17).[3]

He also argues that the Consent to Forfeiture agreement signed prior to his

trial, "was to ensure the Defendant that Plaintiff would forfeit the property listed

whether or not Plaintiff was convicted in exchange for limiting Plaintiff's assets which

would be subject to forfeiture in the event of a conviction." *Id.* at 12. He further

argues, "Plaintiff's agreement with the United States to forfeit only specific assets

precludes the vesting of the United States' right, title, claim and interest in any other

assets of Plaintiff." *Id.* at 12. And, he adds, "Defendant has no authority or

---

[3] Mr. Balsam cites Judge Hurley's Restitution Order on March 6, 2001. Judge Hurley
later entered a separate Order of Restitution specific to Mr. Balsam on April 25, 2002.
ECF No. 2049 in Case No. 99-CR-8125. Thereafter, Mr. Balsam appealed his
conviction and sentence. On February 12, 2007, the Eleventh Circuit vacated the
sentence and remanded the case for resentencing. ECF No. 2393. The Amended
Judgment dated June 13, 2007, ordered Mr. Balsam to pay $50,000,000 in restitution.
ECF No. 2524 in case no. 99-CR-8125 at 3. The docket in the criminal case does not
reveal a new, separate Restitution Order being entered as part of the resentencing or
thereafter. So, it is not clear whether either pre-appeal Restitution Order survived
the vacatur of Mr. Balsam's sentencing. Regardless, for the reasons stated in the
text, the Restitution Orders do not limit the Government's ability to seize non-
forfeitable assets belonging to Mr. Balsam.

authorization or right to any assets except those agreed upon before Plaintiff's trial commenced and enumerated in the 'Consent to Forfeiture Order'; the 'Preliminary Order of Forfeiture as to Zane Balsam'; and the 'Final Order of Forfeiture.'" *Id.* at 13.

The Consent to Forfeiture specifies that Mr. Balsam will forfeit six enumerated assets to the Government.  ECF No. 1-1 at 23.  Nothing on the face of the document says that the Government agrees not to seek forfeiture of other assets belonging to Mr. Balsam.  *See generally* ECF No. 1-1 at 22-25.

The Preliminary Order of Forfeiture as to Zane Balsam ordered Mr. Balsam's interest in the six enumerated assets forfeited to the United States.  ECF No. 1-1 at 44-47.  It did not forfeit any other assets of Mr. Balsam's.  The Final Order of Forfeiture for Mr. Balsam is not in the record, but it would not extinguish Mr. Balsam's rights in any assets other than those listed in the Preliminary Order of Forfeiture.  *See* 21 U.S.C. § 853(n).

Mr. Balsam's arguments misunderstand the distinction between forfeiture and restitution.  When imposing sentence for a property crime, the Court "shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3663(f)(1)(A); *see* 18 U.S.C. § 3663A(3)(b)(1).  That restitution order can be enforced against "all property or rights" of Mr. Balsam, with limited exceptions not applicable here.  18 U.S.C. § 3664(m)(1)(A)(i) (cross-referencing to 18 U.S.C. § 3613(a)).  The Government has no legal authority to bargain away a victim's

restitution or to limit the Court's statutory obligation to order full restitution. Mr. Balsam has not cited any legal basis for the Government having that authority.

Mr. Balsam's ultimate sentencing Judgment, dated June 13, 2007, ordered him to "make joint and several restitution to the victims identified by the Bankruptcy Trustee in the amount of $50,000,000.00." ECF No. 2524 in 99-8125 at 3. As a matter of law, that amount can be satisfied from any assets belonging to Mr. Balsam, even assets not forfeited to the United States. *See* 18 U.S.C. § 3613(a).

Mr. Balsam has failed to cite any legal authority for the principle that the Government's ability to enforce the joint and several restitution obligation against assets not named in the Preliminary Order of Forfeiture or in the Consent to Forfeiture was limited by either (1) Judge Hurley's Restitution Orders or (2) the Consent to Forfeiture agreement. For the same reasons, he fails to allege facts that raise a plausible inference that the Government has unlawfully seized his property, so he fails to state a claim under Rule 41(g).

Therefore, even viewing the allegations in the Amended Complaint in the light most favorable to Mr. Balsam, he fails to state a claim upon which relief can be granted on his non-FTCA claims. And, because these claims fail as a matter of law, granting leave to amend would be futile.

2. <u>FTCA claims</u>

The Eleventh Circuit has cautioned lower courts not to address the merits of claims until confirming that subject matter jurisdiction exists. "Federal courts have an independent obligation to ensure that subject-matter jurisdiction exists before

reaching the merits of a dispute." *Jacobson v. Florida Sec'y of State,* 974 F.3d 1236, 1245 (11th Cir. 2020).  If at any point a federal court discovers a lack of jurisdiction, it must dismiss the action. *Id.*  Therefore, the FTCA claims must be dismissed without prejudice.

    3. <u>Stay</u>

The Court lacks subject matter jurisdiction over any FTCA claim, so the Court cannot stay the case and reserve jurisdiction over these claims.  All other claims should be dismissed without leave to amend.  So, the proper course is to deny a stay.

## REPORT AND RECOMMENDATION

Accordingly, it is **RECOMMENDED** that the District Court **GRANT** the Government's Motion to Dismiss the Amended Complaint [ECF No. 51] and **GRANT IN PART and DENY IN PART** Mr. Balsam's Motion for Leave to Stay Amended Complaint [ECF No. 56].  The Amended Complaint should be dismissed without prejudice as to any FTCA claim, but with prejudice as to all other claims.

<u>**NOTICE OF RIGHT TO OBJECT**</u>

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Donald M. Middlebrooks, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**DONE and SUBMITTED** in Chambers this 4th day of January, 2022, at West Palm Beach in the Southern District of Florida.

_____
    BRUCE E. REINHART
    UNITED STATES MAGISTRATE JUDGE

11