**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 20-80958-CV-MIDDLEBROOKS/Reinhart

ZANE BALSAM,

      Plaintiff,

v.

UNITED STATES OF AMERICA,

      Defendant.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

THIS CAUSE comes before the Court on a Report and Recommendation issued by Magistrate Judge Bruce Reinhart (the "Report") on January 4, 2022. (DE 60). The Report recommends granting the Government's Motion to Dismiss the Amended Complaint (DE 51) and granting in part and denying in part Plaintiff's Motion for Leave to Stay Amended Complaint or in the Alternative Dismiss Without Prejudice (DE 56). No objections have been filed and the deadline for Plaintiff to file them, which was extended from January 18, 2022 to February 4, 2022 at Plaintiff's request, has now elapsed. (DE 64; DE 69).

## I.    Background

Plaintiff originally filed a three-count Complaint alleging that the Government seized his assets in violation of a Consent to Forfeiture Agreement it entered with him. (DE 1). The Government moved to dismiss the Complaint, Judge Reinhart recommended dismissing the action because, *inter alia*, Plaintiff failed to properly establish this Court's subject matter jurisdiction, and, over Plaintiff's objections, I adopted Judge Reinhart's Report and Recommendation. (DE 29; DE 30; DE 42).

Plaintiff then filed an Amended Complaint. (DE 50), which the Government has moved to dismiss (DE 51). Plaintiff's Amended Complaint alleges that the Government breached its Consent to Forfeiture Agreement with him by fulfilling Plaintiff's restitution obligations from assets not included in the Agreement. (*See generally* DE 50). In addition to his breach of contract claim, Plaintiff seeks to recover monetary damages for wrongfully seized assets under the Federal Tort Claims Act ("FTCA"), for the Government to return any wrongfully seized assets under Federal Rule of Criminal Procedure 41(g), and for a declaration that he no longer owes any restitution. (*Id.*). After the Government pointed out that Plaintiff had failed to exhaust his administrative remedies with respect to his FTCA claims, Plaintiff filed a Motion for Leave to Stay Amended Complaint or in the Alternative Dismiss Without Prejudice (DE 56) so that he could exhaust his administrative remedies with respect to those claims.

On January 4, 2022, Judge Reinhart issued his Report and Recommendation recommending that I dismiss the Amended Complaint. (DE 60). He concluded that Plaintiff's FTCA claims should be dismissed without prejudice because Plaintiff failed to exhaust his administrative remedies, and that all other claims should be dismissed with prejudice for failure to state a claim. (*Id.*).

## II.    Discussion

Judge Reinhart recommended that I dismiss both Plaintiff's FTCA and non-FTCA claims—the former without prejudice and the latter with—for lack of subject matter jurisdiction and for failure to state a claim, respectively. Each category of claims is addressed below.

### A.  FTCA Claims

With respect to Plaintiff's FTCA claims, Plaintiff has conceded that this Court lacks subject matter jurisdiction over those claims because he has not exhausted his administrative remedies.

(DE 56). Judge Reinhart recommends that Plaintiff's FTCA claims therefore be dismissed without prejudice. Under the FTCA, "[a]n action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency . . . ." 28 U.S.C. § 2675. Failure to exhaust administrative remedies prior to filing divests the district court of subject matter jurisdiction. *See, e.g.*, *McNeil v. United States*, 508 U.S. 106, 111 (1993); *Davis v. United States*, 272 Fed. App'x 863, 866 (11th Cir. 2008). Because "[f]ederal courts have an independent obligation to ensure that subject-matter jurisdiction exists before reaching the merits of a dispute," I agree with Judge Reinhart's determination that Plaintiff's FTCA claims must be dismissed without prejudice. *Jacobson v. Florida Sec'y of State*, 974 F.3d 1236, 1245 (11th Cir. 2020).

### B.  All Other Claims

As to Plaintiff's other claims, Judge Reinhart concluded that the Amended Complaint failed to state a claim upon which relief can be granted because it did not allege a plausible claim that the Government wrongfully seized Plaintiff's assets. (DE 60 at 5). Because Plaintiff has not articulated a legal theory or cited any legal authority to support his claims that the Consent to Forfeiture Agreement somehow limited the Government's collection under the federal restitution laws, I agree with Judge Reinhart's conclusion that the Amended Complaint should be dismissed.

Judge Reinhart further recommended that these claims be dismissed without leave to amend because Plaintiff appears to misunderstand the distinction between forfeiture and restitution. (*Id.* at 8). As Judge Reinhart pointed out, "[w]hen imposing a sentence for a property crime, the Court 'shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant.' 18 U.S.C. ¶ 3663(f)(1)(A); *see* 18 U.S.C. 3663A(3)(b)(1). That restitution order can

3

be enforced against 'all property or rights' of [Plaintiff], with limited exceptions not applicable here. 18 U.S.C. § 3664(m)(1)(A)(i) (cross-referencing to 18 U.S.C. § 3613(a))." Thus, the full amount of Plaintiff's restitution—$50,000,000.00—can be satisfied from *any* assets belonging to Plaintiff, including those assets that were not the subject of the Consent to Forfeiture Agreement. Because the Government did not unlawfully seize Plaintiff's property, Plaintiff cannot cure the defects in his Complaint and amendment would be futile.

After reviewing the Report and the record, I agree with Judge Reinhart's conclusions and find that his reasoning as set forth in the Report is accurate and thorough.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

(1) Magistrate Judge Reinhart's Report and Recommendation (DE 60) is **ADOPTED**.

(2) The Government's Motion to Dismiss the Amended Complaint (DE 51) is **GRANTED.**

(3) Plaintiff's Amended Complaint (DE 50) is **DISMISSED WITHOUT PREJUDICE** as to Plaintiff's FTCA claims and **WITH PREJUDICE** as to all other claims.

(4) Plaintiff's Motion for Leave to Stay Amended Complaint or in the Alternative Dismiss Without Prejudice (DE 56) is **GRANTED IN PART** and **DENIED IN PART**. It is granted in that Plaintiff's FTCA claims are dismissed without prejudice so that he can exhaust his administrative remedies. It is denied in all other respects.

5

(5) The Clerk of Court shall **CLOSE THIS CASE** and **DENY AS MOOT** all pending

motions.

**SIGNED** in Chambers in West Palm Beach, Florida, this 16th day of February, 2022.

Donald M. Middlebrooks
United States District Judge

Cc:   Counsel of Record

Zane Balsam, PRO SE
53814-004
Coleman Low
C-3
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 1031
Coleman, FL 33521